United States District Court
Southern District of Texas
**ENTERED**
September 15, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| STEPHEN BARBEE, § | |
| § | |
| Plaintiff, § | |
| § | |
| VS. § | CIVIL ACTION NO. 4:21-CV-03077 |
| § | |
| BRYAN COLLIER, *et al.*, § | |
| § | |
| Defendants. § | |

## ORDER

In 2005, Stephen Barbee murdered his pregnant ex-girlfriend and her seven-year-old son by suffocation. A jury convicted him of capital murder and he received a death sentence. On September 21, 2021, Barbee filed this lawsuit under 42 U.S.C. § 1983 claiming that Texas will carry out his execution in a manner that will violate his religious rights. (Docket Entry No. 1). Barbee's complaint alleges that the Texas Department of Criminal Justice (TDCJ) will prevent his chosen spiritual advisor from having physical contact and praying with him during the execution process. Barbee requests a preliminary and permanent injunction prohibiting Defendants from executing him until they allow his spiritual advisor to pray with him and touch him, including holding his hand, during the execution. (Docket Entry No. 1 at 13).

The Court stayed an earlier execution date. (Docket Entry No. 14). The Court specifically ordered: "The State may not carry out Barbee's execution until the State allows his chosen spiritual advisor in the execution chamber, authorizes contact between Barbee and his spiritual advisor, and allows his spiritual advisor to pray during the execution." (Docket Entry No. 14).

Barbee now faces an execution date of November 16, 2022. Defendants have moved to dismiss this case. (Docket Entry No. 28). Defendants argue that "Barbee is

1 / 3

being provided with all the relief he seeks in this lawsuit" because they have agreed to accommodate Barbee's religious requests. (Docket Entry No. 28 at 6). Defendants have attached to the motion to dismiss an affidavit by Bobby Lumpkin, Director of the Correctional Institutions Division of the Texas Department of Criminal Justice, one of the named defendants in this lawsuit. Director Lumpkin states that he had "reevaluated the requests made by Stephen Barbee that his spiritual advisor be permitted to lay hands on him when he is in the execution chamber and to audibly pray during the execution process" and that "Barbee's spiritual advisor will be permitted to lay hands on Barbee on a lower extremity after Barbee is secured to the gurney in the execution chamber and the IV lines are in place." Affidavit of Bobby Lumpkin, Director of the Texas Dept. of Criminal Justice, Correctional Institutions Division, Ex. A to Defendants' Motion (Docket Entry No. 28, Ex. A). On August 26, 2022, Defendants filed a second affidavit in which Director Lumpkin affirms that "Barbee's spiritual advisor will be permitted to hold Barbee's hand . . . ." (Docket Entry No. 33).

It appears that Defendants have agreed to accommodate all Barbee's religious requests relating to his execution. The Defendants will allow Barbee's spiritual advisor in the execution chamber, allow contact between Barbee and his spiritual advisor—including handholding, and allow his spiritual advisor to pray. Barbee has not identified any religious request that the Defendants have not agreed to accommodate. In other words, the Defendants will comply with the stipulations contained in the order staying the earlier execution. Barbee, however, opposes dismissal of this case because the prison policy currently in place still does not provide official protection for an inmate's rights during the execution.

In *Ramirez v. Collier*, the United States Supreme Court determined under a preliminary-injunction standard that a condemned inmate raising similar issues would likely succeed on the merits of his RLUIPA claim. —— U.S. ——, 142 S Ct 1264, 1280-81 (2022). The Supreme Court also encouraged States to "adopt clear rules" regarding religious expression in the execution chamber that would prevent "last-minute resort to the

federal courts." *Id*. at 1283.  The Supreme Court further instructed: "If States adopt clear rules in advance, it should be the rare case that requires last-minute resort to the federal courts.  If such cases do arise and a court determines that relief is appropriate under RLUIPA, the proper remedy is an injunction ordering the accommodation, not a stay of the execution. This approach balances the State's interest in carrying out capital sentences without delay and the prisoner's interest in religious exercise." *Id*.

Texas has not yet adopted a policy which fully protects an inmate's religious rights in the execution chamber.  TDCJ, however, has indicated that it will accommodate Barbee's requests.  As the earlier stay order has already found that Barbee has met the preliminary requirements for an injunction, the Court questions whether issuing an injunction—rather than dismissing the case as the Defendants request—is the better approach under the current circumstances.  The Court, therefore, **ORDERS** the parties to provide briefing in ten (10) days which discusses whether issuing an injunction in this case, as requested by Barbee in his complaint, would be appropriate.  The parties will also submit a proposed order granting an injunction, if either parties believes one is necessary.

SIGNED on September 15, 2022, at Houston, Texas.

Kenneth M. Hoyt
United States District Judge